Anne Johnson Palmer (CSB# 302235)
anne.johnsonpalmer@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.:    (415) 315-6300
Fax:    (415) 315-6350

Edward R. McNicholas *(pro hac vice)*
edward.mcnicholas@ropesgray.com
Frances Faircloth *(pro hac vice)*
fran.faircloth@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 2006-6807
Tel:    (202) 508-4600
Fax:    (202) 508-4650

Richard D. Batchelder, Jr. *(pro hac vice)*
richard.batchelder@ropesgray.com
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel:    (617) 951-7000
Fax:    (617) 951-7050

*Attorneys for Defendant Bombas, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| ALEX PYGIN, | Case No. 4:20-cv-04412-JSW |
| Plaintiff, | **BOMBAS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| BOMBAS, LLC; SHOPIFY (USA) INC.; and SHOPIFY INC., | |
| Defendants. | Date:        January 15, 2021 |
| | Time:        9:00 a.m. |
| | Courtroom:   5 |
| | Hon. Jeffrey S. White |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on January 15, 2021 at 9:00 a.m., before the Honorable Jeffrey S. White of the United States District Court for the Northern District of California in Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Bombas LLC ("Bombas") will, and hereby does, move the Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing with prejudice the Class Action Complaint ("Complaint") (Dkt. No. 1).

Bombas seeks an order dismissing the Complaint without leave to amend on the grounds that Plaintiff has failed to (i) plead any present or future injury-in-fact stemming from a 2016 e-commerce purchase that could be fairly traceable to the conduct of Bombas in a manner sufficient to establish Article III standing under Fed. R. Civ. P. 12(b)(1); and (ii) state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Specifically, with regard to dismissal under Rule 12(b)(6), Plaintiff has failed to (a) state a claim for negligence, and any such claim would independently be barred by the economic loss doctrine, (b) state a claim under California's Unfair Competition Law ("UCL") because he does not assert an injury sufficient to establish statutory standing, fails to allege that Bombas engaged in unfair or unlawful conduct, and has an adequate remedy at law, (c) allege that Bombas engaged in any *intentional* action that harmed Plaintiff's privacy, and (d) to allege any independent basis for declaratory judgment.  In support of this motion, Bombas submits and relies upon the following Memorandum of Points and Authorities, all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may hear.

1

2
Dated:  September 28, 2020                    */s/ Anne Johnson Palmer*

3
                                              Anne Johnson Palmer (CSB# 302235)

4
                                              anne.johnsonpalmer@ropesgray.com
                                              ROPES & GRAY LLP

5
                                              Three Embarcadero Center
                                              San Francisco, California 94111-4006

6
                                              Tel.:   (415) 315-6300
                                              Fax:    (415) 315-6350

7
                                              Edward R. McNicholas *(pro hac vice)*

8
                                              edward.mcnicholas@ropesgray.com
                                              Frances Faircloth *(pro hac vice)*

9
                                              fran.faircloth@ropesgray.com
                                              ROPES & GRAY LLP

10
                                              2099 Pennsylvania Avenue, NW

11
                                              Washington, DC 2006-6807
                                              Tel:    (202) 508-4600

12
                                              Fax:    (202) 508-4650

13
                                              Richard D. Batchelder, Jr. *(pro hac vice)*

14
                                              richard.batchelder@ropesgray.com
                                              ROPES & GRAY LLP

15
                                              800 Boylston Street
                                              Boston, MA 02199-3600

16
                                              Tel:    (617) 951-7000
                                              Fax:    (617) 951-7050

17

18

19

20

21

22

23

24

25

26

27

28

ii

BOMBAS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 4:20-cv-04412-JSW

# SUMMARY OF ARGUMENT

This case arises from a recent letter sent from Bombas, an e-commerce sock company, to Plaintiff informing him that it "could not rule out the possibility" that malware on its website *in 2016* "may" have allowed a hacker access to his payment card information.  Compl. ¶ 30, ECF No. 1.  Nearly four years have passed since the purchase, but Plaintiff does not allege any concrete harm of identity theft or fraudulent charges, or even possible future harm on his payment card (assuming it is still active).  Vague fears of improbable future harm do not state a claim.

The Complaint fails for several independent reasons.  *First*, Plaintiff's claims should be dismissed under Rule 12(b)(1) because none of Plaintiff's litany of speculative harms amounts to a concrete injury that is fairly traceable to Bombas nearly *four years* after the alleged loss of data.  Although the Ninth Circuit has been willing to recognize a variety of privacy injuries in certain circumstances, this Plaintiff has failed to identify any cognizable injury even after almost four years.  *See Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1087-89 (E.D. Cal. 2015).

*Second*, the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).  The negligence-based claims (Counts I, II) fail because (i) the economic loss bar applies; (ii) there is no actual damage; and (iii) negligence *per se* is not an independent cause of action.  *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* (*Sony II*), 996 F. Supp. 2d 942, 967 (S.D. Cal. 2014).  Plaintiff fails to state a claim under the UCL (Counts V, VI), because (i) he has not suffered any loss of money or property, (ii) his allegations of unlawful or unfair conduct are wholly conclusory, and (iii) he has an adequate remedy at law.  *See In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *8-9 (N.D. Cal. Mar. 26, 2013); *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 881 (Cal. 2011).  Plaintiff's invasion of privacy claim (Count III) fails because he offers no factual allegations that Bombas intentionally intruded upon his privacy interests in a highly offensive manner.  Finally, Plaintiff's claim for declaratory relief (Count IV) is inappropriate because the Complaint fails to allege plausible future harm.  *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010).

# <u>TABLE OF CONTENTS</u>

**Page**

I.    ISSUES TO BE DECIDED ................................................................................. 1

    1.   Does Plaintiff have standing under Article III of the United States Constitution, absent any identity theft or other loss fairly traceable to an incident nearly four years ago? ....... 1

    2.   Does the economic loss doctrine and lack of damage bar the negligence counts? ............ 1

    3.   Does Plaintiff lack the injury necessary to invoke California's UCL? ............................ 1

    4.   Does Plaintiff fail to allege intentional, offensive conduct by Bombas that caused cognizable harm, as required to assert a claim for invasion of privacy? ......................... 1

    5.   Is declaratory judgment properly a separate count in this matter? ................................. 1

II.   FACTUAL ALLEGATIONS ............................................................................. 1

III.  ARGUMENT ................................................................................................... 2

    A.     Plaintiff Fails to Plead an Injury-in-Fact Fairly Traceable to Bombas ................. 2

    B.     Plaintiff Fails to State a Claim Under Fed R. Civ. P. 12(b)(6) ........................... 6

         1.    Plaintiff's Negligence Claims Fail as a Matter of Law ........................... 6

             a)  Plaintiff's negligence-based claims are barred by the economic loss doctrine ........................................................................ 6

             b)  Plaintiff fails to plead any actual damages ......................................... 8

             c)  Plaintiff's negligence per se claim likewise fails ............................. 10

         2.    Plaintiff's UCL Claims Fail as a Matter of Law ................................... 10

             a)  Plaintiff has not lost money or property so lacks standing to bring UCL claims ........................................................................ 11

             b)  Plaintiff does not sufficiently plead unlawful practices ................... 12

             c)  Plaintiff does not plead unfair business practices ............................ 13

             d)  Plaintiff has an adequate remedy at law, barring equitable UCL claims. ................................................................................. 14

         3.    Plaintiff's Invasion of Privacy Claim Fails as a Matter of Law ............. 14

         4.    Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law ......... 15

IV.   CONCLUSION ................................................................................................ 15

iv

BOMBAS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 4:20-cv-04412-JSW

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aguilar v. Hartford Accident & Indem. Co.*,
No. CV 18-8123-R, 2019 WL 2912861 (C.D. Cal. Mar. 13, 2019)......................................7

5

6

*Anderson v. Kimpton Hotel & Rest. Grp., LLC*,
No. 19-CV-01860-MMC, 2019 WL 3753308 (N.D. Cal. Aug. 8, 2019) ............................ 13

7

*Antman v. Uber Techs., Inc.*,
No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal Oct. 19, 2015)...................................3

8

9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................6, 10, 13

10

11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................... 6

12

*Brett v. Brooks Bros. Grp.*,
Case No. CV 17-4309-DMG (Ex), 2018 WL 8806668 (C.D. Cal. Sept. 6,
2018) ......................................................................................................................... 4, 6

13

14

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ................................................................................ 12

15

16

*Castillo v. Seagate Tech., LLC*,
No. 16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)........................... 7, 11

17

18

*Caudle v. Towers, Perrin, Forster & Crosby, Inc.*,
580 F. Supp. 2d 273 (S.D.N.Y. 2008) ............................................................................ 10

19

20

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)........................................................................................................ 3

21

*Corona v. Sony Pictures Entertainment, Inc.*,
No. 14-CV-09600-RGK (Ex), 2015 WL 3916744 (C.D. Cal. June 15, 2015)...................... 9

22

23

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
No.: 3:16-cv-00014-GPC-BLM, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)............... 6, 15

24

25

*Dutta* v. *State Farm Mut. Auto. Ins.*,
895 F.3d 1166 (9th Cir. 2018)........................................................................................ 3

26

*Ehret v. Uber Techs., Inc.*,
68 F. Supp. 3d 1121 (N.D. Cal. 2014) ............................................................................ 12

27

28

*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012) ............................................................................ 14

*Fernandez v. Leidos, Inc.*,
   127 F. Sup. 3d 1078 (E.D. Cal. 2015) ............................................................................... 5

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd in relevant part, rev'd in part*,
   572 F. App'x 494 (9th Cir. 2014) ..................................................................................... 11

*Falkenberg v. Alere Home Monitoring, Inc.*,
   No. 13-CV-00341-JST, 2014 WL 5020431 (N.D. Cal. Oct. 7, 2014) ............................... 12

*Gardner v. Health Net, Inc.*,
   Case No. CV 10-2140 PA, 2010 WL 11571242 (C.D. Cal. Nov. 29, 2010) ....................... 9

*Gonzales v. Uber Techs., Inc.*,
   305 F. Supp. 3d 1078 (N.D. Cal. 2018) ........................................................................... 12

*In re Google Android Consumer Privacy Litig.*,
   No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ..................... 7, 11

*Hameed-Bolden v. Forever 21 Retail, Inc.*,
   No. CV1803019SJOJPRX, 2018 WL 6802818 (C.D. Cal. Oct. 1, 2018) ....................... 7, 8

*Hartman v. Summers*,
   120 F.3d 157 (9th Cir. 1997) .............................................................................................. 3

*Hernandez v. Hillsides, Inc.*,
   211 P.3d 1063 (Cal. 2009) ............................................................................................... 14

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................................................................... 15

*J'Aire Corp v. Gregory*,
   598 P.2d 60 (Cal. 1979) ..................................................................................................... 8

*Jackson v. Loews Hotels, Inc.*,
   No. EDCV18827DMGJCX, 2019 WL 6721637 (C.D. Cal. July 24, 2019) ...................... 12

*Jensen v. Quality Loan Serv. Corp.*,
   702 F. Supp. 2d 1183 (E.D. Cal. 2010) ........................................................................... 15

*Khan v. Children's Nat'l Health Sys.*,
   188 F. Supp. 3d 524 (D. Md. 2016) ................................................................................... 5

*Kuhns v. Scottrade, Inc.*,
   868 F.3d 711 (8th Cir. 2017) ....................................................................................... 3, 13

vi

*Kwikset Corp. v. Super. Ct.*,
    246 P.3d 877 (Cal. 2011) ........................................................................................... 11

*Loo v. Toyota Motor Sales, USA, Inc.*,
    No. 19-cv-00750-VAP, 2019 WL 7753448 (C.D. Cal. Dec. 20, 2019) ............................. 14

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..................................................................... 9, 14

*Pisciotta v. Old Nat. Bancorp*,
    499 F.3d 629 (7th Cir. 2007) ...................................................................................... 10

*Quiroz v. Seventh Ave. Ctr.*,
    45 Cal. Rptr. 3d 222 (Cal. Ct. App. 2006) ................................................................... 10

*Razuki v. Caliber Home Loans, Inc.*,
    No. 17-1718-LAB (WVG), 2018 WL 6018361 (S.D. Cal. Nov. 15, 2018) ......... 9, 10, 13, 14

*Ruiz v. Gap, Inc.*,
    622 F. Supp. 2d 908 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689 (9th Cir.
    2010) ............................................................................................................................ 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................................... 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* (*Sony I*),
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ......................................................................... 10

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig,* (*Sony II*),
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ................................................................... 7, 8, 13

*Spokeo* v. *Robins*,
    136 S. Ct. 1540 (2016) ................................................................................................ 3

*Stasi v. Inmediata Health Grp. Cor*p.,
    No.: 19cv2353 JM (LL), 2020 WL 2126317 (S.D. Cal. 2020) ........................................ 3

*In re Uber Techs., Inc., Data Sec. Breach Litig.*,
    No. CV182970PSGGJSX, 2019 WL 6522843 (C.D. Cal. Aug. 19, 2019) ......................... 5

*Warth v. Seldin*,
    422 U.S. 490 (1975) .................................................................................................... 2

*Whalen v. Michael Stores Inc.*,
    153 F. Supp. 3d 577 (E.D.N.Y. 2015), *aff'd sub nom. Whalen v. Michaels
    Stores, Inc.*, 689 F. App'x 89 (2d Cir. 2017) ................................................................. 3

1

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    313 F. Supp. 3d 1113 (N.D. Cal. 2018) ................................................................ 12

2

3

*Yunker v. Pandora Media, Inc.*,
    No. 11–CV–03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013)........................ 5, 11

4

*In re Zappos.com, Inc.*,
    888 F.3d 1020 (9th Cir. 2018) ...................................................................... 3, 4

5

6 **Statutes**

7 Cal. Bus. & Prof. Code § 17200, *et seq.*................................................................ 10

8 California Civil Code § 1798.81.5 ...............................................................11, 12, 13

9 California Civil Code § 1798.82 .................................................................. 11, 13

10 **Other Authorities**

11 California Constitution ............................................................................. 14

12 Fed R. Civ. P. 12(b)(6) ................................................................................ 6

13 United States Constitution Article III....................................................1, 3, 5, 11

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   ISSUES TO BE DECIDED**

1.  Does Plaintiff have standing under Article III of the United States Constitution, absent any identity theft or other loss fairly traceable to an incident nearly four years ago?

2.  Does the economic loss doctrine and lack of damage bar the negligence counts?

3.  Does Plaintiff lack the injury necessary to invoke California's UCL?

4.  Does Plaintiff fail to allege intentional, offensive conduct by Bombas that caused cognizable harm, as required to assert a claim for invasion of privacy?

5.  Is declaratory judgment properly a separate count in this matter?

**II.   FACTUAL ALLEGATIONS**

Bombas has sold socks online since 2013.  Compl. ¶ 17.  As explained in the notification letter quoted in, and attached to, the Complaint as Exhibit 1, in late May 2020, Bombas received a forensic report that "could not rule out the possibility" of a credit card scraping attack between November 11, 2016 and February 16, 2017.  *Id.* ¶ 30; Ex. 1 (the "Notice") at 4, 8, ECF No. 1-1. If the malicious code worked as intended, specific customer information, including "name, address, and payment card data," "potentially could have been exposed."  *Id.*

Despite lacking any definitive confirmation, and notwithstanding the remoteness in time of the incident, on June 1, 2020, Bombas sent the Notice to customers who purchased socks on its checkout page during that three-month period.  *Id.*  Although not required by law in California, Bombas offered two years of complimentary credit monitoring and fraud protection, which includes a "$1 Million Identity Fraud Loss Reimbursement."  Notice at 4, 8.  Although Plaintiff alleges that he is entitled to such monitoring as relief in this case, he does not allege that he has enrolled in the monitoring Bombas already offered.  *See, e.g.*, Compl. ¶ 81.

The Complaint does not allege that Plaintiff incurred any damage connected to this incident.  Plaintiff simply states that he made a purchase during the relevant period, and that he received a Notice.  *Id.* ¶¶ 47, 51.  The Complaint invokes the Notice to suggest that somehow

1

BOMBAS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 4:20-cv-04412-JSW

"Bombas admits the malware" scraped information.  *Id.* ¶ 40.  The Notice says no such thing. Further, the attack potentially involved payment card information but no other sensitive data, such as social security numbers or other government identification numbers.  *Id.*

Missing from the Complaint is any allegation that Plaintiff suffered identity theft, credit card abuse, or any fraud in the years between his November 20, 2016 purchase and the June 1, 2020 Notice.  Instead, the Complaint recites that Plaintiff supposedly now faces a "substantially increased risk of fraud, identity theft, and misuse."  *Id.* ¶ 58.  Significantly, although the Complaint carefully alleges that Plaintiff has the same credit card "*account*" that he used to make a purchase at Bombas nearly four years ago, the Complaint lacks any allegations that the account number, expiration date, CVV, or billing zip code—the fields required to make a credit card purchase— *remain the same nearly four years later.  Id.* ¶ 48.  This is a fatal omission, particularly where banks frequently reissue credit cards with new information, such as account number, expiration date, or CVV.  Moreover, Plaintiff merely alleges that he spent time—not money—reviewing the Notice and his credit card account (notably, he did not find any fraudulent charges), contacting his credit card company, exploring credit monitoring options (rather than accepting Bombas's offer of free monitoring), and choosing to monitor his credit himself.  *Id.* ¶ 52; Notice at 4, 8.

## III.   ARGUMENT[1]

### A.   Plaintiff Fails to Plead an Injury-in-Fact Fairly Traceable to Bombas

This Court lacks jurisdiction over these claims because Plaintiff fails to allege any cognizable injury that is fairly traceable to Bombas nearly four years after the fact.

In a putative class action, the named plaintiff seeking to represent the class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).  If the named plaintiff purporting to represent a class

---

[1] Plaintiff asserts his claims under California law.  Compl. ¶¶ 9, 74, 113-15, 118, 124.  Bombas cites to California law for the purposes of this Motion but reserves all rights to challenge choice of law and the viability of any nationwide class action.

cannot establish injury, he may not "seek relief on behalf of himself or any other member of the class." *Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2015 WL 6123054, at *9 (N.D. Cal Oct. 19, 2015) (internal quotation omitted).

Here, Plaintiff does not plead that he has suffered *any* injury, let alone one that satisfies the "case or controversy" requirement of Article III. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408-09 (2013).  For Article III standing, an injury must be: (1) concrete, particularized and actual or imminent; (2) fairly traceable to the challenged action; and (3) redressable by a favorable ruling. *See Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  The threat of future injury must be concrete, not remote or hypothetical, and affect the plaintiff in a "personal and individual way." *Dutta* v. *State Farm Mut. Auto. Ins.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Lujan*, 504 U.S. at 560 & n.1).  A plaintiff "must show a very significant possibility that the future harm will ensue." *Hartman v. Summers*, 120 F.3d 157, 160 (9th Cir. 1997) (citing *Nelsen v. King Cty.*, 895 F.2d 1248, 1250 (9th Cir. 1990)).  Plaintiff, moreover, "cannot manufacture standing by choosing to make expenditures based on hypothetical harm that is not certainly impending," *Clapper*, 568 U.S. at 416, such as by purchasing credit monitoring when Bombas offered it for free. [2]

Although the Ninth Circuit has recognized injury-in-fact in some data breach cases, *see, e.g.*, *In re Zappos.com, Inc.*, 888 F.3d 1020, 1027-29 (9th Cir. 2018), Plaintiff's claims fail both because of the passage of time since the incident and the nature of the alleged injuries.  *Id.*

---

[2] *See, e.g.*, *Stasi v. Inmediata Health Grp. Cor*p., No.: 19cv2353 JM (LL), 2020 WL 2126317, at *9 (S.D. Cal. 2020) ("Plaintiffs cite no case in which the expenditure of time or money to prevent future identity theft was sufficient in and of itself to support standing without a finding that the threat of identity theft was imminent."); *Beck v. McDonald*, 848 F.3d 262, 276-77 (4th Cir. 2017) ("[S]elf-imposed harms [i.e., expenses to mitigate against possibility of future injury, such as credit monitoring] cannot confer standing"); *see also Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 718 (8th Cir. 2017) ("Massive class action litigation should be based on more than allegations of worry and inconvenience").  This is particularly true where "given the zero-fraud liability policy of every major card issuer in the country," individuals are rarely, if ever, responsible for fraudulent charges when they do occur.  *Whalen v. Michael Stores Inc.*, 153 F. Supp. 3d 577, 580-81 (E.D.N.Y. 2015), *aff'd sub nom. Whalen v. Michaels Stores, Inc.*, 689 F. App'x 89 (2d Cir. 2017) (mem.) (dismissing for lack of Article III standing).

1    Plaintiff offers a list of purely speculative injuries that have not occurred, including the prospect

2    of "actual identity theft," "future costs" associated with monitoring his credit and an alleged

3    diminution in value of his information.  *See* Compl. ¶¶ 83, 91.  In *Zappos*, the Ninth Circuit held

4    that allegations that email addresses, passwords, and payment card data had been hacked satisfied

5    the requirements for an injury-in-fact based on a substantial risk that the hackers could commit

6    identity fraud.  *In re Zappos.com, Inc*., 888 F.3d at 1027.  *Zappos* is a far cry from this case: it

7    involved a group of plaintiffs who alleged hackers had *already* used their stolen information to

8    make purchases, and here—unlike in *Zappos*—a period of years has passed without Plaintiff

9    experiencing any form of harm.  *Id*. at 1023.  In addition, the customer information in *Zappos* also

10   included email addresses and passwords that the court reasoned, in *combination with the other*

11   *data stolen*, could allow "the hackers to commit fraud or identity theft," especially where

12   customers used those same passwords for other online accounts.  *Id.* at 1027.  Here, by contrast,

13   the *only* information potentially at issue is Plaintiff's name, address, and payment card

14   information from nearly four years ago.  Courts in this Circuit have dismissed similar allegations

15   about the potential exposure of payment card information alone on Article III standing grounds,

16   as failing to allege the sort of concrete risk of harm presented in *Zappos*. *See, e.g*., *Brett v. Brooks*

17   *Bros. Grp.*, Case No. CV 17-4309-DMG (Ex), 2018 WL 8806668, at *3 (C.D. Cal. Sept. 6, 2018)

18   (emphasizing hackers' theft of "names, credit and debit card numbers (along with card expiration

19   dates and verification codes), and possibly [the] store zip codes where the plaintiffs made

20   purchases as well as the time of purchases" . . . "does not rise to the level of sensitivity of the

21   information in *Krottner* and *Zappos*.").

22       Again, the information potentially at issue in this case is limited to Plaintiff's name,

23   contact information, address and payment card information from 2016.  Nearly four years have

24   passed without any theft or fraud using such information, making any threat that such theft or

25   fraud might occur in the future—i.e., *more than four years from the date of the incident*—

26   exceedingly remote.  Such an extensive passage of time distinguishes *Zappos* and supports a

27

28

dismissal for lack of Article III standing, because there is no basis for Plaintiff's assertion there is any continued risk that is "immediate" or "concrete." *Fernandez*, 127 F. Supp. 3d 1078, 1087-89 (E.D. Cal. 2015) (finding no substantial risk of imminent future harm where almost four years had passed since the data breach without any evidence that the data had been misused).

Plaintiff's allegations of diminution in his information's value do not overcome the Complaint's failure to allege any injury-in-fact.  Plaintiff claims that his personal information "remains of high value to criminals" on the dark web, citing to Experian reports that personal information compilations "sold for $30 in 2017."  Compl. ¶ 44.  But no such "compilation" is at issue here—Plaintiff just bought socks.  Plaintiff does not explain how the fact that someone else may know his name and address makes his name and address less valuable to him; indeed, if that were the case, the White Pages would have been a scandal.  Plaintiff also does not allege that he is selling his name, address, and 2016 credit card data, or that he "attempted to sell his PII, that he would do so in the future, or that he was foreclosed from entering into a value for value transaction relating to his PII."[3]

Plaintiff has failed to allege that the breach has resulted in any misuse of his information, let alone misuse attributable to this attack.  Even if the potential diminution in value of Plaintiff's name, address and 2016 payment card number were cognizable, no such injury could be "fairly traceable" to Bombas's conduct given the probable changes in credit card information and the passage of nearly four years.  *See Fernandez*, 127 F. Supp. 3d at 1086 (holding Plaintiff's allegation that someone attempted to open a bank account in his name was not fairly traceable to

[3] *Yunker v. Pandora Media, Inc.*, No. 11–CV–03113 JSW, 2013 WL 1282980, at *4 (N.D. Cal. Mar. 26, 2013) (finding plaintiff had not alleged facts sufficient to show injury-in-fact based on diminution of value, even if the court were to assume personal information is a form of personal property); *see also In re Uber Techs., Inc., Data Sec. Breach Litig.*, No. CV182970PSGGJSX, 2019 WL 6522843, at *5 (C.D. Cal. Aug. 19, 2019) (rejecting diminution of value theory where plaintiff had not established an impairment of his ability to participate in that market for personal information); *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 533 (D. Md. 2016) (plaintiff "does not, however, explain how the [cyber thief's] possession of that information has diminished its value, nor does she assert that she would ever actually sell her own personal information"); *Fernandez*, 127 F. Supp. 3d at 1088-89.

the data breach since Plaintiff had not alleged that bank account information at issue was actually accessed in the breach); *Brett*, 2018 WL 8806668, at *4 (rejecting Plaintiff's "linking theory" to make a series of speculative inferences of future risk where Plaintiff cancelled his payment cards, and over one year had passed since hackers obtained card numbers connected to Plaintiff's active accounts.).

## B.   Plaintiff Fails to State a Claim Under Fed R. Civ. P. 12(b)(6)

In addition to lacking standing under Article III to bring his Complaint, Plaintiff has also failed to state a claim under Rule 12(b)(6).  In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff must allege sufficient facts that "raise a right to relief above the speculative level."  *Id.* at 555.  "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The facts alleged in the Complaint fail to satisfy these fundamental requirements, and black-letter legal principles squarely bar Plaintiff's claims as a matter of law.

### 1.   **Plaintiff's Negligence Claims Fail as a Matter of Law**

The economic loss doctrine bars negligence claims such as Counts I and II where the plaintiff seeks to recover for purely economic losses against a party with whom he has a contract. Although the Court should dismiss the negligence claims on that ground alone, these claims are also subject to dismissal because Plaintiff does not plead the actual damages required for a cognizable negligence claim, and there is no independent cause of action for negligence *per se*.

#### *a)  Plaintiff's negligence-based claims are barred by the economic loss doctrine*

The economic loss doctrine bars a party from seeking a remedy in tort for a purely financial loss caused by the defendant's alleged negligence.  Simply put, "[i]n actions for negligence, liability is limited to damages for physical injuries and recovery of economic loss is not allowed." *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No.: 3:16-cv-00014-GPC-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BLM, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016).  To overcome the economic loss doctrine, the Complaint must allege "(1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* (*Sony II*), 996 F. Supp. 2d 942, 967 (quoting *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.,* 315 F. App'x 603, 605 (9th Cir. 2008)).  The Complaint does not allege facts that would meet any of these exceptions.

Plaintiff does not allege that he experienced any personal injury or damage to physical property from the attack on Bombas.  Courts in data breach cases repeatedly have held that, absent such allegations, the economic loss doctrine bars negligence claims.  *See*, *e.g.*, *Aguilar v. Hartford Accident & Indem. Co.*, No. CV 18-8123-R, 2019 WL 2912861, at *2 (C.D. Cal. Mar. 13, 2019) (dismissing negligence claim in part because allegations of loss of control of personal information are "not connected to a physical injury to person or property"); *Hameed-Bolden v. Forever 21 Retail, Inc.*, No. CV1803019SJOJPRX, 2018 WL 6802818, at *4-6 (C.D. Cal. Oct. 1, 2018) (same, holding that allegations of loss of value of personal information do not constitute property damage); *Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *5-6 (N.D. Cal. Sept. 14, 2016) (dismissing certain plaintiffs' negligence claims under the economic loss doctrine because those claims were based in part on "lost productivity and enjoyment as a result of monitoring use of personal identifying information"); *In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *12-13 (N.D. Cal. Mar. 26, 2013) (dismissing negligence claim for damages stemming from a commercial transaction as barred by the economic loss doctrine).

The economic loss rule, therefore, bars Plaintiff's negligence claims, unless he can point to a "special relationship" with Bombas, which he cannot do.  *See Sony II*, 996 F. Supp. 2d at 969 (dismissing negligence claim based on economic loss doctrine where no "special relationship" existed).  California courts have outlined six factors that must be considered when determining

the presence of a "special relationship" or "legal duty": "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *J'Aire Corp v. Gregory*, 598 P.2d 60, 63 (Cal. 1979).  Significantly, an everyday consumer transaction such as the one alleged here is ***not*** sufficient to give rise to a "special relationship." *See Sony II*, 996 F. Supp. 2d at 969.  The *J'Aire* exception, moreover, is only available for contracts for services, not goods.  *Hameed-Bolden*, 2018 WL 6802818, at *6-7 (rejecting plaintiffs' "service" relationship argument and holding no special relationship is formed by the "garden variety purchase of goods by means of a payment card.").  Because the Complaint points to no other relationship Plaintiff had with Bombas beyond the purchase that he made through a regular consumer transaction, no special relationship exists, and the economic loss doctrine bars Plaintiff's negligence claims.

### b) *Plaintiff fails to plead any actual damages*

In addition to the economic loss bar, Plaintiff's negligence claims are subject to dismissal as a matter of law because the Complaint fails to allege *any* actual damages and merely suggests economic injuries that are entirely speculative.  *Sony II*, 996 F. Supp. 2d at 966 ("a negligence claim requires appreciable, non-speculative, present injury" (citing *Int'l Engine Parts, Inc. v. Feddersen & Co.*, 888 P.2d 1279 (Cal. 1995)).  The Complaint alleges damages of "lost or diminished value" of Plaintiff's information, "out-of-pocket expenses" and "lost opportunity costs," and lost time, annoyance and inconvenience related to an alleged future risk of fraud. Compl. ¶¶ 56-57, 83.  These speculative allegations do not provide any basis to proceed in negligence. *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913-16 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) ("[I]ncreased risk of future identity theft . . . does not rise to the level of appreciable harm necessary to assert a negligence claim under California law.").  None of Plaintiff's allegations set forth any form of actual damages required to state a negligence claim,

1   particularly where, as here, nearly four years have passed since the attack and Plaintiff cannot

2   identify *any* misuse of his information.  *See Gardner v. Health Net, Inc.*, Case No. CV 10-2140

3   PA (CWx), 2010 WL 11571242, at *3 (C.D. Cal. Nov. 29, 2010) (dismissing negligence claim

4   where plaintiff "does not allege that he experienced any identity theft").

5       *First*, with regard to the diminished value of his information, Plaintiff gives no further

6   detail about how or why he perceives that his information has lost value.  While he cites statistics

7   about the prices criminals supposedly can exact when selling payment card information on the

8   dark web, he does not allege there is any market for *his* information, which is nearly four years

9   old, and may already be expired. *See* Compl. ¶ 44. He does not even allege that he experienced

10  any fraud or misuse of information in the time since the attack.  Plaintiff's allegations about the

11  purported diminution of value of his information therefore do not "allege enough facts to establish

12  how his personal information is less valuable as a result of the breach."  *Razuki v. Caliber Home*

13  *Loans, Inc.*, No. 17-1718-LAB (WVG), 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018); *see*

14  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012) (dismissing negligence claim

15  because plaintiffs did not allege facts showing "how [they were] foreclosed from capitalizing on

16  the value of [their] personal data.").

17      *Second*, the "out-of-pocket expenses" and "lost opportunity costs" that the Plaintiff alleges

18  he may have suffered are not cognizable because Plaintiff has not alleged any plausible facts

19  regarding costs that he has incurred or opportunities that he purportedly has missed because he

20  "spent time dealing with the consequences" of the incident.  Compl. ¶¶ 52, 83.  As an initial matter,

21  frustration and time spent mitigating potential harms do *not* constitute actual damage.  *See, e.g.*,

22  *Corona v. Sony Pictures Entertainment, Inc.*, No. 14-CV-09600-RGK (Ex), 2015 WL 3916744,

23  at *4 (C.D. Cal. June 15, 2015) (dismissing data breach negligence claim in part because "general

24  allegations of lost time are too speculative to constitute cognizable injury").  Moreover, Plaintiff

25  does not allege that any supposed consequences—reviewing his account, contacting Bombas and

26  his credit card company, and choosing to self-monitor his accounts—actually were in response to

27

28

any harm that required mitigation.  Plaintiff has not alleged any facts suggesting that he has been the actual victim of identity theft or fraud.  Again, this is not surprising, because he has not alleged that the credit card account he is using has the same payment information as the card he used back in November 2016 when he purchased his socks from Bombas.  *Id.* ¶ 47.  As to the putative class members, Plaintiff alleges that they "may" have received phishing emails or cancelled credit cards they believed were associated with this incident.  *Id.* ¶ 83.  These speculative assertions, which are not even specific to Plaintiff himself, do not rise to the level of a fact-based allegation necessary to support his claim.  *Iqbal*, 556 U.S. at 678.

*Finally*, Plaintiff's alleged fear of injury is "insufficient because it stems from the danger of future harm," not the present harm required of a negligence claim.  *Razuki*, 2018 WL 6018361, at *1; *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* (*Sony I*), 903 F. Supp. 2d 942, 963 (S.D. Cal. 2012) (noting "threat of future harm does not normally suffice to create a cause of action for negligence"); *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 639 (7th Cir. 2007) ("Without more than allegations of increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is prepared to remedy."); *see also Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 284 (S.D.N.Y. 2008) (finding that credit monitoring costs to protect against future injury do not constitute an injury).

### c)  *Plaintiff's negligence per se claim likewise fails*

Plaintiff's negligence *per se* claim fares no better.  California law does not recognize negligence *per se* as an independent cause of action, but rather as an evidentiary presumption.  *Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 244 (Cal. Ct. App. 2006) (negligence *per se* "does not provide a private right of action for violation of a statute").  As such, Count II should be dismissed.

### 2.  **Plaintiff's UCL Claims Fail as a Matter of Law**

California's Unfair Competition Law ("UCL") prohibits business practices that are unlawful, unfair, or fraudulent.  Cal. Bus. & Prof. Code § 17200, *et seq.*  Here, Plaintiff alleges

---

BOMBAS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 4:20-cv-04412-JSW

only the unlawful and unfair prongs, with the unlawful claim based on violations of two statutes, California Civil Code § 1798.81.5 (regarding reasonable security) and § 1798.82 (regarding disclosure of a data incident).  Under the unlawful prong, a plaintiff must allege the defendant violated another law.  *See Yunker*, 2013 WL 1282980, at *11 (dismissing "unlawful" claim where plaintiff failed to allege facts sufficient to show violation of an underlying law).  "Under the unfair prong, a plaintiff must allege facts to establish 'the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers' or tether the UCL claim 'to some specific constitutional, statutory, or regulatory provisions.'"  *Castillo*, 2016 WL 9280242, at *6 (citations omitted).  Importantly, to have standing to pursue these UCL claims, Plaintiff must show that he "lost money or property" as a result.  *In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *8 (quoting *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 881 (Cal. 2011)).  Plaintiff has failed to plead a UCL claim that meets any of these requirements.

### a) *Plaintiff has not lost money or property so lacks standing to bring UCL claims*

The California UCL's statutory standing provision is "more restrictive" than Article III: Plaintiff must (1) establish "a loss or deprivation of money or property sufficient to qualify as injury in fact"—that is, an "economic injury"—and (2) show that the injury was caused by the alleged unfair business practice that is the subject of the claim.  *Kwikset*, 246 P.3d at 885-86 (citing Cal. Bus. & Prof. Code § 17204).  Here, the Complaint does little more than recite the legal conclusion that Plaintiff was "injured and lost money or property."  Compl. ¶¶ 116, 122.  Aside from "nominal damages" and unspecified "additional losses," Plaintiff claims that this lost money or property includes the loss of a "legally protected interest" in the privacy of his information and the "price received by Defendants for the services."  *Id.*

Allegations of lost value of personal information do not constitute economic injury under the UCL.  *See, e.g.*, *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), *aff'd in relevant part, rev'd in part*, 572 F. App'x 494 (9th Cir. 2014) (dismissing UCL claim for decreased value of information because there was no allegation of lost money or property).  "[T]he

1    sharing of names, user IDs, location and other personal information does not constitute lost money

2    or property for UCL standing purposes." *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078,

3    1093 (N.D. Cal. 2018); *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1132 (N.D. Cal. 2014)

4    ("a UCL plaintiff's injury in fact [must] specifically involve lost money or property" (internal

5    quotation omitted); *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014)

6    (dismissing UCL claim, noting that "courts have consistently rejected . . . a broad interpretation

7    of 'money or property'" that includes "personal information" (citations omitted)).

8          Moreover, Plaintiff's overpayment theory fails because Plaintiff has not alleged either a

9    defect in the socks he purchased or that he paid a premium for security he did not then

10   receive. *See Jackson v. Loews Hotels, Inc.*, No. EDCV18827DMGJCX, 2019 WL 6721637, at

11   *4, n.4 (C.D. Cal. July 24, 2019) (dismissing UCL claim for lack of statutory standing in data

12   breach case); *see also Falkenberg v. Alere Home Monitoring, Inc.*, No. 13-CV-00341-JST, 2014

13   WL 5020431, at *4 (N.D. Cal. Oct. 7, 2014) (same, holding plaintiffs had not identified any

14   relevant economic loss where defendant offered free credit monitoring).  Plaintiff does not allege

15   he believed a portion of the price he paid for the socks was for Bombas's security services, nor

16   would such an allegation be credible.  *Id.* at 1093-94; *cf. In re Yahoo! Inc. Customer Data Sec.*

17   *Breach Litig.*, 313 F. Supp. 3d 1113 (N.D. Cal. 2018) (upholding overpayment theory where the

18   plaintiffs put a number—the $19.95 premium subscription fee—on the value of the contracted-

19   for data security).  Plaintiff concedes he did not even review the policies before making his

20   purchase, and thereby could not have actually relied on Bombas's representations about security.

21   Compl. ¶¶ 23, 50.  As such, Plaintiff fails to allege the loss of money or property required to

22   proceed under the UCL.

23         *b)  Plaintiff does not sufficiently plead unlawful practices*

24         *First*, Plaintiff fails to plead that Bombas's security measures violated California Civil

25   Code § 1798.81.5, which requires businesses to implement and maintain reasonable security

26   procedures and practices to safeguard personally identifying information.  In the data breach

27

28

1
2
3
4
5
6
7
8
9
10
11

context, courts have confirmed that simply alleging the defendant was hacked (*see* Compl. ¶¶ 2, 34, 81) is not sufficient to plead inadequate data security.  *See, e.g.*, *Razuki*, 2018 WL 6018361, at *1 (dismissing § 1798.81.5 claim that alleged "[d]efendant knew of higher-quality security protocols available to them but failed to implement them" and finding allegation was "precisely the type of threadbare claim *Iqbal* warns of"); *Anderson v. Kimpton Hotel & Rest. Grp., LLC*, No. 19-CV-01860-MMC, 2019 WL 3753308, at *5 (N.D. Cal. Aug. 8, 2019) (dismissing § 1798.81.5 claim that made similarly conclusory assertions about the reasonableness of defendant's security measures); *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 717 (8th Cir. 2017) ("The implied premise that because data was hacked [defendant's] protection must have been in adequate . . . cannot survive a motion to dismiss.").  Plaintiff fails to identify which of Bombas's security practices were inadequate, or what specific security measures it should have implemented.

12
13
14
15
16
17
18
19
20
21
22

*Second*, Plaintiff also fails to allege that Bombas was in violation of California Civil Code 1798.82, which requires entities to disclose a breach without unreasonable delay.  The Complaint does not allege facts to support Plaintiff's claim that the suspected breach should have, or even could have, reasonably been disclosed sooner.  Bombas provided notice *within two weeks* of receiving a final investigative report (on May 20, 2020 not March 2020 as the Complaint erroneously states).  Compl. ¶¶ 5, 51; Notice at 1, 4.  Plaintiff does not attempt to explain why this timeline was unreasonable, particularly where the underlying breach occurred years earlier.  Further, "a Plaintiff alleging a violation of 1798.82 must show that the delay in notification led to incremental harm, which Plaintiff plainly has not shown here." *Razuki*, 2018 WL 6018361, at *2; *see also Sony II*, 996 F. Supp. 2d at 965 (finding that plaintiffs "failed to allege a single cognizable injury" resulting from defendant's alleged untimely delay).

23

### c)  *Plaintiff does not plead unfair business practices*

24
25
26

Plaintiff's "unfair" claim also fails because his allegations are conclusory.  He has not pleaded facts plausibly suggesting Bombas's acts were "immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious," nor has he tethered Bombas's

27
28

actions to any specific statutory policy.  Compl. ¶¶ 120-121; *see also Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858 (N.D. Cal. 2012) (dismissing unfair prong where plaintiff "ma[de] conclusory statements that [defendant's] conduct [was] unfair, [but] he [did] not reference any established public policy that [defendant's] actions have violated or claim that the conduct is immoral, unethical, oppressive, or unscrupulous").

### d)  Plaintiff has an adequate remedy at law, barring equitable UCL claims.

Plaintiff's UCL claim must be dismissed because Plaintiff's claims for legal remedies— such as monetary damages—preclude his claims for equitable relief.  *See, e.g.*, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding "[plaintiff] must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL" (internal quotation omitted).  Here, Plaintiff seeks both monetary and equitable damages based on the same set of facts for harms he alleges to have suffered.  *Loo v. Toyota Motor Sales, USA, Inc.*, No. 19-cv-00750-VAP (ADSx), 2019 WL 7753448, at *13-14 (C.D. Cal. Dec. 20, 2019) (dismissing UCL claim with prejudice where claim relied on the "same factual predicates" duplicative of the legal claims).  Bombas further incorporates by reference arguments set forth in Defendants Shopify Inc. and Shopify (USA) Inc.'s Motion to Dismiss.  *See* ECF No. 36 at 13-15.

### 3.  Plaintiff's Invasion of Privacy Claim Fails as a Matter of Law

Plaintiff's invasion of privacy claim should also be dismissed.  To state a claim for invasion of privacy, Plaintiff must plausibly allege (1) a reasonable expectation of privacy and (2) an intrusion that is highly offensive by defendant.  *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1072 (Cal. 2009).  There is a "high bar for an invasion of privacy claim," and even disclosure of social security numbers or other sensitive information "does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim."  *Low*, 900 F. Supp. 2d at 1025 (citations omitted); *see also Razuki*, 2018 WL 6018361, at *2 ("negligent conduct that leads to theft of highly personal information, including social security numbers, does not 'approach [the] standard' of actionable conduct under the California Constitution and thus does not constitute a

violation of Plaintiffs' right to privacy") (citing *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012)); *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (finding that disclosure of plaintiffs' personal data, geolocation information, and other information did not constitute the "egregious breach of social norms" required to establish an invasion of privacy).

Plaintiff fails to allege facts to support an allegation that Defendants *intentionally* violated Plaintiff's privacy, as opposed to merely acting negligently. *Dugas*, 2016 WL 6523428, at *12. The alleged facts cannot support Plaintiff's bald assertion that "Defendants acted with knowing state of mind when they permitted the Data Breach to occur." Compl. ¶ 101. In addition, Plaintiff does not allege any concrete injury for the reasons covered above, *see supra* at Sections IV(B)(1)(b) and (2)(a), which further calls for the dismissal of Count III.

4.   **Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law**

Plaintiff seeks a declaration that Bombas's security measures are still inadequate and that it must undertake certain steps to avoid future injury. Compl. ¶ 111. Plaintiff has not pleaded any cognizable continued risk, particularly nearly four years after the fact, and so he cannot seek the prospective relief he requests in Count IV. *See supra* at Sections IV(A) and (B)(1)(b).

In addition, declaratory judgment is unavailable for past events alleged in the Complaint because Plaintiff asserts alternative means for obtaining that relief. *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) ("Where a substantive cause of action already exists in the complaint, a plaintiff cannot assert a declaratory relief claim as a 'superfluous second cause of action for the determination of identical issues.'" (quoting *Hood v. Super. Ct.*, 39 Cal. Rptr. 2d 296 (Cal. Ct. App. 1995)).

## IV.   CONCLUSION

For all the foregoing reasons, the Complaint should be dismissed with prejudice without leave to amend.

15

Dated: September 28, 2020          /s/ Anne Johnson Palmer

Anne Johnson Palmer (CSB# 302235)
anne.johnsonpalmer@*ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.:   (415) 315-6300
Fax:   (415) 315-6350

Edward R. McNicholas (*pro hac vice*)
edward.mcnicholas@ropesgray.com
Frances Faircloth (*pro hac vice*)
fran.faircloth@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 2006-6807
Tel:   (202) 508-4600
Fax:   (202) 508-4650

Richard D. Batchelder, Jr. (*pro hac vice*)
richard.batchelder@ropesgray.com
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel:   (617) 951-7000
Fax:   (617) 951-7050