M. ANDERSON BERRY (262879)
aberry@justice4you.com
LESLIE GUILLON (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

JOHN A. YANCHUNIS (*Pro Hac Vice*)
jyanchunis@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ALEX PYGIN, an individual and California resident, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br>vs.<br><br>BOMBAS, LLC, SHOPIFY (USA) INC. and SHOPIFY, INC.<br><br>  Defendants. | Case No.: 4:20-cv-04412-JSW<br><br>**JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Jeffrey S. White |

JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to this Court's Order Vacating Hearing and Requiring Joint Supplemental Brief dated June 21, 2021 (*see* ECF No. 49, the "Order"), the Parties hereby submit this joint supplemental brief addressing the issues identified in the Order.[1]

## ANTICIPATED CLAIMS FILING RATE

Based on Plaintiff's counsel's experience in other litigation and their research of other cases in which they were not involved, the claims filing rate in a case of this type is generally between 1 percent and 4 percent of the class. There are anomalies from time to time, especially: (1) when there is excessive media coverage; or (2) where the class is especially active and/or feels intentionally harmed; generally, this happens in a closed setting such as an employer/employee relationship. Neither of these special circumstances is present in this case.

Plaintiff anticipates that the filing rate will be around 3 percent. For example, *Bokelman v. FCH Enterprises, Inc.*, No. 18-00209 RJB-RLP (D. Haw.) (settlement approved May 3, 2019) involved similar claims stemming from a data breach of credit card numbers used at defendant's retail locations. Out of 365,000 class members, 8,512 submitted valid claims. That equals 2.3 percent of the class. Similarly, in *In re Hanna Andersson and Salesforce.com Data Breach Litigation,* No. 3:20-cv-00812-EMC (N.D. Cal.) (settlement approved June 17, 2021), which involved similar claims stemming from a data breach of payment card numbers from a retailer's e-commerce platform, out of 200,108 class members, 8,435 submitted valid claims for a 4.2 percent response rate. Notably, in the *Hanna Andersson* case, the payment card breach occurred approximately one year before notice was given to the class. In the instant case, the response rate will likely be lower because the cybersecurity incident occurred over four years before notice will be given to the roughly 83,000 Bombas class members.

Additional claims filing rates in data breach cases in this District include: *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (claims rate was 1.8 percent);

---

[1] Capitalized terms not otherwise defined herein shall have the meanings used in the Settlement Agreement and Release, which was included as Exhibit 1 to the Joint Declaration in Support of Plaintiff's Unopposed Motion for Preliminary Approval. *See* ECF No. 48-4.

JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
- 1 -

*Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2020 U.S. Dist. LEXIS 206507, at *25 (N.D. Cal. Nov. 4, 2020) (0.83 percent claims rate), *citing Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2020 U.S. Dist. LEXIS 74801, at *19 (N.D. Cal. Feb. 5, 2020) (approving settlement with response rate of "about two percent"); *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 U.S. Dist. LEXIS 135573, at *9 (N.D. Ohio Aug. 12, 2019) (claims rate was 4 percent).

Moreover, the Claims Administrator for this matter, Angeion Group, relied on its previous professional experience in data breach and other similar claims to estimate the 3 percent claims filing rate in this matter. In response to this Court's recent Order, Angeion Group sampled and compared seven similar data breach cases it administered, finding an average claims filing rate of 3.25 percent (as illustrated in Table 1, directly below):

**Table 1**

| Case No. | Class Size | # Claims | Claims Rate |
|---|---|---|---|
| 1. | 1,500,000 | 11,729 | 0.78% |
| 2. | 161,000,000 | 1,820,549 | 1.13% |
| 3. | 2,157,574 | 54,759 | 2.54% |
| 4. | 1,144,827 | 31,052 | 2.71% |
| 5. | 17,815 | 766 | 4.30% |
| 6. | 312 | 17 | 5.45% |
| 7. | 1,856 | 108 | 5.82% |

Exhibit 1 (Supplemental Declaration of Steven Weisbrot of Angeion Group, LLC), ¶ 5.

As can be seen from the examples detailed above, there is some variation in claims filing rates, but 3 percent is a reasonable estimation.

**THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

*Joint Position:*

The Settlement should be preliminarily approved because it will provide monetary and non-monetary benefits to the Settlement Class in a circumstance where Plaintiff faces substantial risk maintaining this case if the litigation were to proceed.

Federal Rule of Civil Procedure 23(e) provides that the court is to consider "the costs, risks, and delay of trial and appeal" in evaluating whether a proposed class action settlement is fair,

JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

reasonable and adequate. *See* Fed. R. Civ. P. 23(e)(2)(C)(i). As other courts have recognized in applying Rule 23(e), even where the monetary relief is relatively modest in the abstract, a settlement warrants approval where the plaintiff faces substantial risk on the merits, because the settlement may offer the only recourse likely to be available to potential class members. *See, e.g.*, *Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 941 (N.D. Cal. 2013), *aff'd sub nom. Fraley v. Batman*, 638 F. App'x 594 (9th Cir. 2016) (approving settlement, even where the court observed that the monetary relief to each class member—a $15 payment—was relatively small, "in light of all the circumstances, including the low probability that a substantially better result would be obtained through continued litigation."); *see also Esomonu v. Omnicare, Inc.*, No. 15-CV-02003-HSG, 2019 WL 499750, at *4 (N.D. Cal. Feb. 8, 2019) (approving settlement with an estimated $17.31 payout per class member, emphasizing that "[c]onsidering Defendant's apparent willingness to defend against this action and the uncertain state of the law, Plaintiff was not guaranteed a favorable result. In reaching a settlement, however, Plaintiff ensured a favorable recovery for the class.").

In this regard, the Parties note that Judge Chen of this District recently approved a comparable class action settlement in the *Hanna Andersson* action referenced above. Case No. 20-CV-00812-EMC (N.D. Cal), ECF Nos. 73, 75. That settlement involved the creation of a $400,000 fund (as here, an all-in amount to pay claims, costs of administration, attorneys' fees and expenses, and incentive awards), for an incident involving approximately 200,000 individuals. The preliminary approval briefing suggests the average payout was expected to be $38 per claim (and the actual payout may have been slightly lower given the higher-than expected claims rate addressed above). Here, as set forth in Plaintiff's preliminary approval briefing, with the 3 percent claims rate estimated above, the average award to Settlement Class Members is likely to be approximately $47. ECF No. 48-1 at 24. The Settlement therefore affords a similar—if not more generous—monetary recovery in comparison. In addition, like the settlement in *Hanna Andersson*, the Settlement also involves a non-monetary component, as Bombas has agreed to continue to take specific reasonable steps to provide secure access to the ecommerce platform through which it

processes credit card and debit card transactions.  *See* ECF No. 48-4 at § 2.5; *In re Hanna Andersson and Salesforce.com Data Breach Litigation*, ECF No. 60-1 at § 2.5.

**Defendants' Position**:

The benefits afforded by the Settlement must be weighed against the high probability that the Settlement Class Members would receive nothing if the litigation proceeds.  At the time the Parties negotiated the Settlement, Defendants' motions to dismiss were pending before the Court.  Notably, since then, this Court has dismissed other data privacy claims on grounds similar to those raised in Defendants' motions.  *See, e.g., Lopez v. Apple,* No. 19-cv-04577-JSW, 2021 WL 823122 at *4 (N.D. Cal. 2021) (White, J.) (dismissing privacy claims for lack of Article III standing); *Gardiner v. Walmart Inc.*, No. 4:20-cv-04618-JSW, 2021 WL 2520103, at *7-8 (N.D. Cal. 2021) (White, J.) (dismissing privacy action for failure to state a claim for violation of California's Unfair Competition Law (the "UCL") and negligence for lack of cognizable injury).  In light of those decisions, Defendants' already-strong motions to dismiss are even stronger.

Moreover, Bombas had challenged Plaintiff's very ability to maintain this action by moving to dismiss for lack of Article III standing.  *See* ECF No. 38 at 2-6; ECF No. 42 at 1-4.  As background, Plaintiff filed this action relying solely on a June 1, 2021 notice letter from Bombas that it "could not rule out the possibility" that malware on its website in 2016 "may" have allowed a hacker to access his payment card information.  ECF No. 1, ¶ 30.  Plaintiff has not alleged that his payment card information was actually stolen, that his payment card details from 2016 remain the same today, or that there has been any misuse of that information in the nearly four years since the incident.  As Bombas argued, there can be no claim of any immediate, actual, and cognizable injury traceable to an incident four years ago without any factual allegations suggesting Plaintiff faces any risk of theft or fraud today.  *See Stasi v. Inmediata Health Grp. Corp*., No. 19cv2353 JM (LL), 2020 WL 2126317, at *9 (S.D. Cal. 2020) (expenditure of time and money to prevent future identity theft does not support standing without imminent threat of future harm); *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1087-89 (E.D. Cal. 2015) (no substantial risk of imminent future harm where almost four years had passed since the data breach without any evidence that

the data had been misused); *see also Apple,* 2021 WL 823122 at *4 (dismissing privacy action based on lack of Article III standing where plaintiff's claims "rest[ed] solely on [an] article that reports the privacy harms of other class members that may not have affected [the plaintiff] at all.").

Defendants also sought dismissal of the Complaint in full for failure to state a claim. *See* ECF No. 38 at 6-15; ECF No. 42 at 5-13; *see also Walmart*, 2021 WL 2520103, at *1-9. Even if Plaintiff managed to satisfy the threshold of Article III standing (which was very unlikely for the reasons set forth above), Defendants argued that the Complaint failed to allege the actual damages required for purposes of a negligence claim or the "lost money or property" required to proceed under the UCL. In *Walmart*, this Court addressed the same theories of injury advanced by Plaintiff here, and dismissed comparable negligence and UCL claims on the same grounds argued by Defendants. 2021 WL 2520103, at *3-9. Significantly, in *Walmart*, this Court rejected the notion that an alleged diminution in the value of the plaintiff's personally identifiable information sufficed to allege injury, or that conclusory allegations of an increased risk of identity theft could sustain the complaint. *Id.* at *4. The Court also held that the plaintiff could not proceed on a "benefit of the bargain" theory under the UCL where, as here, there is no allegation that the plaintiff paid a sum for data security or relied on the defendant's privacy policy in making his purchase. *Id.* at *6. Defendants also advanced additional defenses, including that the UCL's equitable remedies are unavailable where, a plaintiff has alleged an adequate remedy at law. ECF No. 38 at 6-8; ECF No. 42 at 5-6. The *Walmart* decision dismissed the UCL claim on that basis, as well. 2021 WL 2520103 at *7 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).

Additionally, Plaintiff faced significant challenges in maintaining claims against either of the Shopify Defendants. As explained in the Shopify Defendants' motion to dismiss, the Court lacks jurisdiction over Shopify Inc., a Canadian corporation with its principal place of business in Canada, which only supplied e-commerce services to Bombas, a New York company. The only connections between Shopify Inc. and California appear to be the fact that Plaintiff resides in California, and that Shopify's website can be accessed from California—neither of which is sufficient to support specific jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014);

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011). Moreover, Plaintiff's attempt to group the Shopify Defendants together through broad, undifferentiated allegations violated Rule 8, especially where Shopify (USA) Inc. is a distinct legal entity that does not handle customer payment data or core e-commerce platform services.

Finally, even if the Complaint was to survive Defendants' motion to dismiss, significant risks would still remain to the viability of the litigation going forward, including the significant and likely unsurmountable hurdle of class certification.

For all of these reasons, Defendants respectfully submit that the Court should preliminarily approve the Settlement. The Settlement is fair, reasonable, and adequate when considering comparable settlements and in light of the substantial risks Plaintiff faces on the merits if the litigation were to proceed.

Date: July 9, 2021                                                                 Respectfully Submitted,

By:     */s/ M. Anderson Berry*
M. ANDERSON BERRY
aberry@justice4you.com
LESLIE GUILLON
lguillon@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Cellular: (415) 595-3302
Facsimile: (916) 924-1829

JOHN A. YANCHUNIS (*Pro Hac Vice*)
jyanchunis@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
- 6 -

*Attorneys for Plaintiff*

DATED:  July 9, 2021         By:    /s/ *Anne Johnson Palmer*
                                    ANNE JOHNSON PALMER
                                    anne.johnsonpalmer@ropesgray.com
                                    **ROPES & GRAY LLP**
                                    Three Embarcadero Center
                                    San Francisco, California 94111-4006
                                    Telephone:    (415) 315-6300
                                    Facsimile:    (415) 315-6350

                                    EDWARD R. MCNICHOLAS
                                    *(Pro Hac Vice)*
                                    edward.mcnicholas@ropesgray.com
                                    FRANCES FAIRCLOTH
                                    *(Pro Hac Vice)*
                                    fran.faircloth@ropesgray.com
                                    **ROPES & GRAY LLP**
                                    2099 Pennsylvania Avenue, NW
                                    Washington, DC 2006-6807
                                    Telephone:    (202) 508-4600
                                    Facsimile:    (202) 508-4650

                                    RICHARD D. BATCHELDER, JR.
                                    *(Pro Hac Vice)*
                                    richard.batchelder@ropesgray.com
                                    **ROPES & GRAY LLP**
                                    800 Boylston Street
                                    Boston, MA 02199-3600
                                    Telephone:    (617) 951-7000
                                    Facsimile:    (617) 951-7050

                                    *Attorneys for Defendant BOMBAS, LLC*

DATED:  July 9, 2021         By:    /s/ *Joshua A. Jessen*
                                    JOSHUA A. JESSEN
                                    jjessen@gibsondunn.com
                                    CASSANDRA L. GAEDT-SHECKTER
                                    cgaedt-sheckter@gibsondunn.com
                                    JEREMY S. SMITH
                                    jssmith@gibsondunn.com
                                    **GIBSON, DUNN & CRUTCHER LLP**
                                    1881 Page Mill Road
                                    Palo Alto, CA  94303-1211
                                    Telephone:    650.849.5300

JOINT SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

                      Facsimile:    650.849.5333

*Attorney for Defendants SHOPIFY (USA) INC, AND SHOPIFY INC.*

\* \* \*

### ECF ATTESTATION

     I, M. Anderson Berry, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

DATED: July 9, 2021           By:   */s/ M. Anderson Berry*
                                                     M. ANDERSON BERRY