United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX PYGIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOMBAS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04412-JSW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING FINAL APPROVAL HEARING**<br><br>Re: Dkt. No. 48 |

　　　　Now before the Court for consideration is the motion for preliminary approval of the class action settlement filed by Plaintiff Alex Pygin, which is not opposed by Defendants Bombas, LLC, Shopify (USA), Inc., and Shopify Inc. The Court has considered the parties' papers, including the supplemental brief filed on July 9, 2021, the terms of the proposed Settlement Agreement dated May 20, 2021, which is attached as Exhibit 1, to the Joint Declaration of John A. Yanchunis and M. Anderson Berry ("Joint Decl."), relevant legal authority, and the record in this case. The Court HEREBY GRANTS the motion, but it shall provide Settlement Class Members with a longer period to opt-out or object than that proposed by the parties.[1]

　　　　1.　　　　The Court concludes the Settlement Agreement appears to be the result of serious, informed, and non-collusive negotiations conducted with the assistance of Martin Quinn, Esq. of JAMS during a mediation session conducted on February 12, 2021, through which the parties negotiated and finalized the basic terms of the settlement agreement. The Court also concludes that the Settlement Agreement is a product of an informal exchange of information and the terms do not improperly grant preferential treatment to any individual segment of the Settlement Class

---

[1]　　　　Capitalized terms have the meaning set forth in the Settlement Agreement.

and, at this preliminary stage, appears to fall within the range of possible approval as fair, reasonable, and adequate.

2. The Court preliminarily concludes that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied. The record supports a finding of numerosity because the Settlement Class is comprised of approximately 83,000 individuals. (Joint Decl., ¶ 11.) The Court also concludes Plaintiff has met his burden, for purposes of settlement, to show there are questions of law or fact common to the Settlement Class, that his claims are typical of those of Settlement Class Members, and that he and his counsel will fairly and adequately protect the interests of the Settlement Class. The Court also preliminarily concludes that Plaintiff has met his burden to show, for purposes of settlement, that requirements of Rule 23(b) are satisfied, in that the questions of law or fact that are common to the Settlement Class predominate over individual questions and that a class action is a superior method for the fair and efficient adjudication of the Litigation.

3. Accordingly, the Court preliminarily certifies for purposes of settlement only the following class:

> All individuals residing in the United States who made purchases from the Bombas website from November 11, 2016 through February 16, 2017.

4. The Court preliminarily appoints Alex Pygin as the Representative Plaintiff for purposes of the Settlement Class, and it appoints M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation and John A. Yanchunis of Morgan & Morgan Complex Litigation Group as Class Counsel.

5. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group as the Claims Administrator, and Angeion Group shall perform all the duties of the Claims Administrator as set forth in the Settlement Agreement.

6. The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the

Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form. The Parties and the Claims Administrator are ORDERED to proceed with providing notice to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order and within the time required by the Settlement Agreement.

7. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than **October 12, 2021**. To be valid, each request for exclusion must be made in writing and (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian, or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. If a Settlement Class Member's Request for Exclusion covers a payment card that includes co-signers or co-holders on the same payment card account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly and completed and executed as to that payment card only if all co-signers or co-holders elect to and validly opt out in accordance with the provisions of this Paragraph. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

8. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

9. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Court in accordance with the procedures outlines in the Class Notice, postmarked no later than **October 12, 2021**. Any Settlement Class Member wishing to

comment on or object to the Settlement Agreement shall mail the comment or objection and any supporting papers either by:

(a) mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, California; OR

(b) by filing it in person at any location of the United States District Court for the Northern District of California.

All such notices of an intent to object to the Settlement must be written and must include all of the following: (a) the case name and number, *Alex Pygin v. Bombas, LLC, et al.*, No. 4:20-cv-04412-JSW; (b) the objector's full name, address, and telephone number; (c) a statement as to whether the objections applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (d) a clear and detailed written statement of the grounds for the objection; and (e) the objector's signature.

10. Any Settlement Class Member who does not submit a timely written objection in accordance with these procedures and the procedures detailed in the Class Notice and the Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Judgment by appeal or by other means.

11. The Court will hold a Final Approval Hearing on **November 19, 2021 at 9:00 a.m.** in the United States District Court, Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 5, Oakland, California. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate, (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) to grant Class Counsel's motion for attorneys' fees and costs; and (e) to grant the service award sought for the Representative Plaintiff. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Settlement Class Members.

12. The following deadlines shall apply, pending further order of this Court:

| Event | Date or Deadline |
|---|---|
| Bombas to provide Settlement Class Member | 10 business days after entry of this Order |

| | |
|---|---|
| data to Claims Administrator | |
| Notice Program per Settlement Agreement Commences | Within 20 days of Bombas providing Class Member Data to the Claims Administrator |
| Class Counsel to file Motion for Attorneys' Fees and Costs | **September 7, 2021** |
| Opt-Out and Objection Deadline | **October 12, 2021** |
| Motion for Final Approval | **October 15, 2021** |
| Replies in Support of Motion for Final Approval and Motion for Attorneys' Fees | **November 5, 2021** |
| Final Approval Hearing | **November 19, 2021 9:00 a.m.** |

13. All proceedings and deadlines in this matter, except the deadlines contained herein and any deadlines necessary to implement this Order and the Settlement are stayed and suspended until further order of this Court.

14. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of this Court.

15. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against any Defendant, or (iii) be deemed

5

an admission or concession by any Settling Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

Dated: July 12, 2021

_____
JEFFREY S. WHITE
United States District Judge