UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX PYGIN,<br><br>        Plaintiff,<br><br>v.<br><br>BOMBAS, LLC, et al.,<br><br>        Defendants. | Case No. 20-cv-04412-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 52, , 54 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING NOTICE OF TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON November 19, 2021 at 9:00 a.m.

The Court has reviewed the parties' briefs and does not wish to hear those arguments repeated at the hearing. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel by filing those authorities or citations to the record by no later than Thursday, November 18, 2021, at 2:00 p.m. The Court will allow for exceptions in the event authority is issued after that date and time. If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but they are not to include additional argument or briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

1. When Plaintiff filed his motion for preliminary approval, he did not bring to the Court's attention that Bombas had moved to dismiss on the basis that he lacked Article III standing to bring his claims; that issue is raised in the motion for final approval. The Court has an obligation to ensure that Plaintiff has standing, and "[t]at obligation extends to court approval of

proposed class action settlements." *Frank v. Gaos*, -- U.S. --, 139 S.Ct. 1041, 1046 (2019) (vacating order of final approval of class action settlement in order to address standing). If Plaintiff does not have standing, the Court lacks the power to finally approve the settlement, because the Court "lack[s] jurisdiction if no named plaintiff has standing." *Id.*

What are the parties' best arguments that Plaintiff has Article III standing to pursue these claims?

2. The Court ORDERS supplemental declarations from Class Counsel regarding the number of hours spent on particular activities, and it reserves the right to require counsel to submit billing records. The declarations on file are not sufficiently detailed. *See* N.D. Guidelines on Class Action Settlements, Final Approval, ¶ 2 ("Declarations of class counsel to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, *provided that the declarations are adequately detailed*.").

3. Can Plaintiff clarify the amount of recovery per class member? The amounts discussed at pages 9 ($2.69) and 10 ($47.00) conflict.

4. Have there been any additional objections or opt-outs since Plaintiff filed the reply in support of the motions?

**IT IS SO ORDERED**.

Dated: November 15, 2021

_____
JEFFREY S. WHITE
United States District Judge